UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>BOBBY BABAK KHALILI,<br><br>Defendant(s). | Case No. 2:19-CR-242 JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Bobby Khalili's motion to dismiss indictment (ECF No. 50), to which the United States of America (the "government") filed a response (ECF No. 60).

Also before the court is Khalili's supplement to his motion to dismiss. (ECF No. 76). The government filed a response (ECF No. 80), to which Khalili replied (ECF No. 86).

**I.    Background**

On September 18, 2019, a grand jury charged Khalili with six counts of violating Environmental Protection Agency ("EPA") regulations in violation of the Clean Air Act ("CAA")—specifically, 42 U.S.C. § 7413(c)(1). (ECF No. 1).

According to the grand jury, Khalili "owned and operated" a renovation activity at 601 South 11th St., Las Vegas, Nevada from approximately March, 2016, through April, 2016. During that renovation, Khalili allegedly violated several EPA regulations concerning the handling of asbestos and asbestos containing materials.

On July 6, 2021, Khalili moved to dismiss the indictment because the government did not prove he had actual knowledge of the regulations allegedly violated. (ECF No. 50). On July 14, 2021, before the government responded to Khalili's motion, a superseding indictment was

**James C. Mahan**
**U.S. District Judge**

issued. (ECF No. 51). The superseding indictment charges Khalili with three additional counts of violating EPA regulations during another renovation activity located at 211 S. 13th St., Las Vegas, NV, and one count of aggravated identity theft under 18 U.S.C. § 1028A.[1]

Following issuance of the superseding indictment, the government responded to Khalili's motion to dismiss the indictment. (ECF No. 60). The parties then stipulated for Khalili to supplement his motion to dismiss, for the government to respond to that supplement, and for Khalili to reply to that response. (ECF No. 67).

**II.  Legal Standard**

Pursuant to Federal Rule of Criminal Procedure 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." A valid indictment "need not specify the theories or evidence upon which the government will rely" to prove its case. *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (quoting *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993)).

**III.  Discussion**

As an initial matter, the parties filed five documents concerning dismissal of counts one through eleven against Khalili. (ECF Nos. 50, 60, 76, 80, 86). While Khalili's motion to dismiss the original indictment (ECF No. 50) and the government's first response (ECF No. 60) are technically mooted by the superseding indictment (ECF No. 51), the parties incorporate their original arguments in their supplemental briefing. (ECF Nos. 76 at 8; 80 at 1–2). Thus, the court incorporates the parties' arguments from all five documents in determining whether to dismiss the superseding indictment.

A.  <u>The superseding indictment sufficiently charges Khalili with counts one through ten</u>

Khalili argues that the superseding indictment insufficiently charges Khalili with counts one through ten because the government does not allege Khalili was aware of the regulations he allegedly violated as required by the language of the charging statute and the rule of lenity. (ECF Nos. 50 at 5, 8; 76 at 8).

---

[1] Per the superseding indictment, Khalili allegedly falsified documents in violation of 18 U.S.C. § 1001 and knowingly used a means of identification of another person to prove someone other than Khalili was responsible for the asbestos remediation. (ECF No. 51 at 12).

**James C. Mahan**
**U.S. District Judge**

- 2 -

>    1. *42 U.S.C. §7413 (c)(1) does not require the government prove Khalili had actual knowledge of the regulations he allegedly violated*

Khalili's first argument claims that 42 U.S.C. § 7413(c)(1)[2] makes it a crime to "<u>knowingly violate</u>[] any requirement or prohibition of an applicable implementation plan . . . ." 42 U.S.C. § 7413(c)(1) (emphasis added); (ECF No. 50 at 5). According to Khalili, a modern statutory reading of "knowingly violates" imposes a burden on the government to prove that Khalili was actually aware of the specific requirement or prohibition of the applicable implementation plan. (*Id.* at 7).

To support his argument, Khalili improperly relies on *Flores-Figuerora*, 556 U.S. 646 (2009). The Court in *Flores-Figuerora* reviewed the term "knowingly" in the context of 18 U.S.C. § 1028A, which makes it a crime to "knowingly . . . use[] . . . a means of identification of another person" in relation to certain felonies. 18 U.S.C. § 1028A(a)(1). There, the Court held that "knowingly"—as used in 18 U.S.C. § 1028A—requires the defendant had specific knowledge that the means of identification actually belonged to another person.

Khalili argues that the Court's holding in *Flores-Figuerora* "eschew[s] the clich[é] that ignorance of the law is no excuse," (ECF No. 50 at 6), by requiring courts to read "knowingly violates" in any statute as "with knowledge of the law, violates." (*See id.* at 7). Khalili is mistaken.

Khalili need look no further than his other cited authority to see his proposed interpretation of the law is incorrect. *See United States v. Alghazouli*, 517 F.3d 1179, 1193 (9th Cir. 2008) ("[T]he phrase "knowingly violates" does not necessarily indicate anything more than that the defendant must know what he or she is doing. The phrase does not necessarily indicate that the defendant also must know that what he or she is doing is illegal.").

While *Alghazouli* was decided before *Flores-Figuerora*, the Supreme Court maintained its interpretation of "knowingly" after *Flores-Figuerora* in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010). The Court in *Jerman* held that interpreting "knowingly violates" to create a mistake-of-law defense would abandon the care the Court has

---

[2] Counts one through ten charge Khalili with violating 42 U.S.C. § 7413(c)(1). (ECF No. 51).

traditionally taken to construe "knowingly" in its statutory context. *Id.* at 585 (citing *Bryan v. United States,* 524 U.S. 184, 192, (1998); *United States v. Int'l Mins. & Chem. Corp.*, 402 U.S. 558, 563 (1971)).

Thus, while Khalili argues that this court should view *Flores-Figuerora* to overturn settled Supreme Court precedent, the Court itself disagrees—as does this court.  That the statute requires a defendant "knowingly violates any requirement of prohibition" means only that the defendant did not, for example, accidentally, negligently, or unknowingly, commit the conduct which violates the statute.

Accordingly, the superseding indictment sufficiently charges Khalili with counts one through ten.

*2.  The rule of lenity is inapplicable to Khalili's charges*

Next, Khalili argues that the rule of lenity requires that 42 U.S.C. § 7413(c)(1) impose a burden on the government to prove Khalili had actual knowledge of the regulations he allegedly violated.  (ECF No. 50 at 8).  Again, Khalili is mistaken.

Khalili properly cites that "the rule of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal."  (*Id.* (quoting *Liparota v. United States*, 471 U.S. 419, 427 (1985)).  However, Khalili's argument that the rule of lenity applies to § 7413 because "[e]nvironmental statutes are extremely complex, often requiring a certain level of scientific knowledge to be understood" is without merit.  (*Id.*).  That the statute is complex does not mean it does not provide fair warning to what conduct is illegal.  *See infra* Part III.C.

Accordingly, the rule of lenity does not apply to Khalili's charges.

*3.  42 U.S.C. § 7413(c)(1) is not void for vagueness as applied to Khalili*

Khalili's next argument—that § 7413(c)(1) is void for vagueness as applied to him–is also without merit.  While Khalili argues that an "ordinary" citizen must be apprised of exactly what regulations apply to their conduct with merely a cursory glance at the statute (ECF No. 50 at 8), this is irrelevant to his crime.

Khalili is not an ordinary citizen in the context of EPA regulations.  Rather, Khalili is alleged to be the owner and operator of a renovation project which deals with potentially

James C. Mahan
U.S. District Judge

- 4 -

hazardous materials. (ECF No. 51). While an "ordinary" citizen may not be expected to become specifically aware of regulations regarding the removal of hazardous materials, those who own and operate a business engaged in renovation activities for profit would certainly apprise themselves of the regulations that specifically apply to their work.

Operators such as Khalili need look no further than the Code of Federal Regulations (the "C.F.R.") to apprise themselves of the regulations applicable to their renovations. That the regulations applicable to Khalili's work are contained in the C.F.R. instead of the United States Codes (the "U.S.C.") does not render 42 U.S.C. § 7413(c)(1) unconstitutionally vague. The alternative—that every regulation be contained within the U.S.C.—is impracticable and is why the C.F.R. exists. Indeed, Khalili's requested interpretation would invalidate countless statutes and undermine Congress's delegation to the EPA regarding the CAA.

Accordingly, 42 U.S.C. § 7413(c)(1) is not unconstitutionally vague as applied to Khalili.[3]

Therefore, the court DENIES Khalili's motion to dismiss counts one through ten.

B. The superseding indictment sufficiently charges Khalili with count eleven

1. Charging for a violation of 18. U.S.C. § 1028A does not require charging for a predicate offense

Khalili alleges that the superseding indictment fails to sufficiently charge him in count eleven with violating 18 U.S.C. § 1028A because the statute's language imposes a burden on the government to charge Khalili with a predicate offense.[4] (ECF No. 86 at 4–5). Specifically, Khalili points to the "in relation to any felony violation enumerate in subsection (c)" and "shall, in addition to the punishment provided for such felony" language. 18 U.S.C. § 1028A(a)(1). Khalili is mistaken.

---

[3] As Khalili provides no authority in support of his arbitrary enforcement argument (ECF No. 50 at 10), the court denies without specifically discussing that argument's lack of merit.

[4] 18 U.S.C. § 1028A provides in part: "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1).

James C. Mahan
U.S. District Judge

- 5 -

The "in relation to any [enumerated] <u>felony violation</u>" language merely provides a list of conduct that amounts to a violation of § 1028A. It does not say, for instance, "a felony which the defendant is convicted of," nor "any conviction under this subsection." The language relays only that if the government proves conduct which would violate one of the predicate crimes in subsection (c), it has proven a violation of § 1028A.

Additionally, the "<u>in addition to</u>" language merely mandates a minimum term of imprisonment of 2 years which must run consecutive to the punishment for the predicate felony. It is included for purposes of sentencing, not charging.

Thus, there is no requirement for the government to charge a defendant under a predicate crime whenever it charges him with violating § 1028A.[5]

*2. A false statement made to the Clark County Department of Air Quality may violate 18 U.S.C. § 1001*

Khalili next argues that the superseding indictment fails to sufficiently charge him with violating 18 U.S.C. § 1028A because it fails to sufficiently allege that his conduct violated 18 U.S.C. § 1001. (ECF No. 76 at 6–7). Specifically, Khalili argues that the agency he allegedly made the false statement to is a state agency and is not " 'within the jurisdiction of the executive, legislative, or judicial branch of the [g]overnment of the United States' as required under 18 U.S.C. § 1001." (*Id.* at 6 (quoting 18 U.S.C. § 1001)). The court disagrees.

The court is persuaded by the government's cited authority, *United States v. King*, 660 F.3d 1071 (9th Cir. 2010) (holding that § 1001 covers false statements on benefits claims forms submitted to a state unemployment program certified and supported by the Department of Labor). (ECF No. 80 at 5).

While Khalili argues that the court in *King* limited § 1001's reach by holding it "cannot be read so broadly as to incorporate any false statement made to anyone regarding matters pertinent to the federal government," that is simply not the case here. (ECF No. 86 at 6 (quoting *King*, 660 F.3d at 1081)).

---

[5] That the government chose not to indict Khalili is not a failure of prosecution justifying dismissal, but one of prosecutorial discretion that, by all measures, benefits Khalili.

**James C. Mahan**
**U.S. District Judge**

- 6 -

The government alleges that Khalili attempted to avoid being charged with violations of the CAA by providing a false statement to a state agency, the Clark County Department of Air Quality, which derives its authority to handle CAA asbestos programs from the EPA's delegation. (ECF No. 80 at 5–6). A false statement made to state agency certified by a federal department falls squarely within the conduct § 1001 covers. *See King*, 660 F.3d at 1081.

As the superseding indictment sufficiently alleges Khalili violated 18 U.S.C. § 1001, it sufficiently provides a plain, concise, and definite written statement of the essential facts constituting a violation of 18 U.S.C. § 1028A.[6] Thus, the superseding indictment properly charges Khalili with count eleven.

Accordingly, the court DENIES Khalili's motion to dismiss count eleven.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Khalili's motion to dismiss the indictment (ECF No. 50) be, and the same hereby is, DENIED. This holding applies to all arguments and relief requested in Khalili's supplement concerning the superseding indictment (ECF No. 76).

DATED November 1, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Finally, the court agrees with the government that a motion to dismiss is not the proper avenue for challenging the indictment's failure to include a specific victim. Khalili's cited authority, *United States v. Ward*, 747 F.3d 1184 (9th Cir. 2014), provides guidance for when the government offers evidence <u>at trial</u> of <u>uncharged</u> identity theft against <u>victims</u> not included in the indictment. Here, however, Khalili is charged with identity theft of a single victim and trial has not begun. Thus, at best, Khalili's argument is premature.

**James C. Mahan**
**U.S. District Judge**